THE TOWNSHIP OF HARDYSTON v. REEVE HARDEN
ET AL.

Submitted March 21, 1902—Decided June 9, 1902.

A township collector is not required to pay over to the township com-
mittee taxes which he is directed by the legislature to pay over
to other persons or to retain in his own keeping as their official
custodian.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN
SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Theodore E. Dennis.*

For the defendant, *John L. Swayze.*

The opinion of the court was delivered by

GARRISON, J. This is a demurrer to a declaration. The
action is based upon the official bond of the defendant, Reeve
Harden, as township collector of the plaintiff. Three breaches
of this bond are assigned by the declaration, all based upon
the refusal of the defendant to pay over to the plaintiff the
amount of state school and county taxes and the township
school tax included in an individual assessment that had been
increased by the state board of taxation and paid to the de-
fendant after he had settled with the plaintiff for the regular
annual taxes. Of such increased sum the defendant paid to
the plaintiff the proportionate amount of the township and
road taxes, to wit, $1,062.24, but refused to pay over to it
the state school and county taxes of $3,098.20, and the town-
ship school tax of $1,460.58, amounting in all to $4,558.78.
The general question involved is the construction of the sev-
eral acts of the legislature with respect to the custody of taxes.

The first breach alleges the failure of the defendant to pay

to the plaintiff the sum of $3,098.20, state school and county tax.

It was not the duty of the defendant to pay this tax to the plaintiff. Section 25 of the Tax act of 1866 (*Gen. Stat., p.* 3300, § 85) makes it the duty of the township collector to pay over to the county collector the taxes referred to in this breach.

The second breach is the failure of the defendant to pay to the plaintiff $1,460.58 of township school moneys.

By section 199 of the revision of the School law (*Pamph. L.* 1900, *p.* 258) it is provided that "the custodian of school moneys in each school district shall receive and hold all school moneys belonging to such school district whether received from the state appropriation, state school tax, district tax appropriation *or from any other source*," &c. Section 201 provides that in any school district in which a custodian of school money has not been appointed, the township collector shall be the custodian thereof.

Obviously, therefore, it was not for the defendant to pay out of his custodianship the taxes so held by him.

The third breach is in effect a resumé of the foregoing, except that it alleges that the defendant had rendered to the plaintiff an account of the entire sum of taxes received by him, thereby negativing the allegations of the two earlier breaches upon this point.

The defendant is entitled to judgment on the demurrer.